11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Dru Allen Ewing

Appellant

Vs.                   No. 11-03-00375-CR -- Appeal from Palo Pinto
County

State
of Texas

Appellee

 

Dru Allen Ewing appeals
his conviction by a jury, following his plea of guilty, of the offense of
delivery of a controlled substance, methamphetamine, in an amount of one gram
or more but less than four grams.  The
jury, finding the enhancement paragraph to be true, assessed his punishment at
75 years confinement in the Texas Department of Criminal Justice, Institutional
Division, and also assessed a $5,000 fine. 
He contends in a sole issue on appeal that he was denied effective
assistance of counsel in violation of both the Sixth Amendment to the United
States Constitution and Article I, Section 10 of the Texas Constitution because
his attorney presented a defense of entrapment at the sentencing hearing as
opposed to a pretrial hearing, thereby eliminating the State=s burden to disprove entrapment beyond
a reasonable doubt.  We affirm.

We apply a two-pronged test to ineffective
assistance of counsel claims.  Wiggins v. Smith, 539 U.S. 510, 521 (2003); Strickland v.
Washington, 466 U.S. 668, 687 (1984); Thompson v. State, 9 S.W.3d
808, 812 (Tex.Cr.App.1999). 
First, appellant must show that his counsel=s
performance was deficient; second, appellant must show that the deficient performance
prejudiced the defense.  Wiggins v. Smith, supra at 521; Strickland v. Washington,
supra at 687.








In evaluating the effectiveness of counsel under
the first prong, we look to the totality of the representation and the particular
circumstances of each case.  Thompson
v. State, supra at 813.  A defendant
must demonstrate that counsel=s
representation fell below an objective standard of reasonableness and
prevailing professional norms at the time of the alleged error.  Wiggins v. Smith, supra
at 521; Strickland v. Washington, supra at 688-89.  A[C]ounsel is strongly presumed to have rendered adequate
assistance and made all significant decisions in the exercise of reasonable
professional judgment.@  Strickland v. Washington, supra at
690.  An allegation of ineffective
assistance must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness.  Thompson v. State, supra at 814.  Our scrutiny of counsel=s performance must be highly
deferential, and every effort must be made to eliminate the distorting effects
of hindsight.  Strickland v.
Washington, supra at 689. 

The second prong of Strickland requires a
showing that counsel=s
errors were so serious that they deprived the defendant of a fair trial, i.e.,
a trial whose result is reliable.  Id. at 687.  In
other words, appellant must show there is a reasonable probability that, but for counsel=s
unprofessional errors, the result of the proceeding would have been
different.  Id.
at 694.  A reasonable probability
is a probability sufficient to undermine confidence in the outcome.  Id. 
The ultimate focus of our inquiry must be on the fundamental fairness of
the proceeding whose result is being challenged.  Id. at 697.

Under normal circumstances, the record on direct appeal
will not be sufficient to show that counsel=s
representation was so deficient and so lacking in
tactical or strategic decision-making as to overcome the presumption that
counsel=s conduct
was reasonable and professional.  Bone
v. State, 77 S.W.3d 828, 833 (Tex.Cr.App.2002).  Rarely will the trial record contain
sufficient information to permit a reviewing court to fairly evaluate the
merits of such a serious allegation.  Id.

Our record does not contain any reason why Ewing
and his counsel chose for him to enter a plea of guilty and to present evidence
of entrapment at his sentencing hearing rather than in a pretrial hearing prior
to his plea.  There being no showing that
this was not done as a result of trial strategy, Ewing has failed to overcome
the presumption that his trial counsel=s
conduct was reasonable and professional. 
Bone v. State, supra at 833.  We overrule Ewing=s
sole issue on appeal.

The judgment of the trial court is affirmed.

 

PER CURIAM

 

January 31, 2005

Do not publish.  See
TEX.R.APP.P. 47.2(b).

Panel
consists of:  Wright, J., and

McCall,
J., and Hill, J.[1]











[1]John G. Hill, Former Chief Justice, Court of Appeals,
2nd District of Texas at Fort Worth sitting by assignment.